**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED SURETY & INDEMNITY
COMPANY,

    **Plaintiff,**

       **v.**

JOSE C. APONTE-DALMAU, et al.,

    **Defendants.**

**CIVIL NO.** 11-1902 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Before the Court stands United Surety & Indemnity Company's ("Plaintiff"), Motion for Partial Summary Judgment. In its complaint, Plaintiff claims violations to the First Amendment, U.S. Const. amend. I, and the Fourteenth Amendment, U.S. Const. amend. XIV, § 1. Plaintiff alleges that Jose C. Aponte-Dalmau ("Aponte-Dalmau") and the Autonomous Municipality of Carolina ("the Municipality") (collectively, "Defendants") infringed upon its property right to issue labor and construction bonds when the Bidding Board of Carolina ("the Board") refused to accept its bid bonds. Furthermore, Plaintiff claims that it was not afforded equal protection of the law and that Defendants' actions were retaliatory due to a previous legal battle between Plaintiff and Defendants in state court. Defendants counter that the Board acted within the scope of Puerto Rico state law in

Civ. No. 11-1902                                                        2

rejecting the bid bonds issued by Plaintiff, and that said
action was taken in the interest of promoting a sound public
administration and with special care for the public funds
entrusted to it. (Docket No. 10, p. 15-16). For the reasons
outlined below, Plaintiff's Motion for Partial Summary Judgment
is hereby **DENIED.**


## BACKGROUND

Plaintiff, a surety company organized under the laws of the
Commonwealth of Puerto Rico ("Commonwealth"), specializes in the
issuance of labor and construction bonds. In January 2010, the
Board began to reject the bid bonds issued by Plaintiff claiming
that Plaintiff was not in "good standing" with the Municipality,
as it had previously defaulted on a bond contract with the same.

Plaintiff's alleged default forced the Municipality to sue
them in state court. The courts decided in favor of the
Municipality, and ordered Plaintiff to comply with the contract.
On June 22, 2010, Plaintiff met with representatives of the
Municipality who confirmed that Plaintiff was not in "good
standing", because it had not fully complied with the judgment
of the Commonwealth's appellate Court.


## STANDARD OF REVIEW

### Rule 56

Civ. No. 11-1902                                                    3

Federal Rule of Civil Procedure 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See Suarez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000). If the

Civ. No. 11-1902                                                4

adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.   <u>See</u>
Fed.R.Civ.P. 56(c).

It is well-settled, however, that the language of Rule 56
(e) does not mean that a moving party is automatically entitled
to summary judgment if the opposing party does not respond.   The
court must first inquire whether the moving party has met its
burden to demonstrate undisputed facts entitling it to summary
judgment as a matter of law. <u>See</u>   <u>De la Vega v. San Juan Star</u>,
377 F.3d 111, 115-116 (1st Cir. 2004); <u>Jaroma v. Massey</u>, 873
F.2d 17, 20 (1st Cir. 1989). Lastly, Rule 56(f) authorizes the
court to grant summary judgment to a non-movant party, even on
grounds not raised by either party. <u>See</u> Fed.R.Civ.P. 56(f)(1);
Fed.R.Civ.P. 56(f)(2).

**Discussion**

As a threshold matter, the Court considers Plaintiff's
argument that Puerto Rico's Insurance Code is controlling here.

The Puerto Rico Supreme Court has explicitly stated that a
"surety bond is a written contract of suretyship executed before
a notary." <u>Caribe Lumber v. Interam. Builders</u>, 1 P.R. Offic.
Trans. 636, 644-45 (1973) (citing <u>Colon v. White Star Bus Line</u>,
<u>Inc.</u>, 63 D.P.R. 344 (1944)). "The fact that the bond is

Civ. No. 11-1902                                                              5

furnished by an insurance company does not change the nature of
the bond." Id. Thus, given that "a surety bond is a contract of
suretyship, it is governed by the provisions of the Civil Code
relating to suretyship, and not by the Insurance [Code]." Caribe
Lumber, 1 P.R. Offic. Trans. at 644-45 (citing Colon, 63 D.P.R.
344 (1944)). Since the surety bond here is substantially similar
to the one in Caribe Lumber, Plaintiff's argument that the Court
must consider the Insurance Code is unavailing. Puerto Rico's
Civil Code is controlling.

In evaluating the Board's determination in the present
case, the Court is mindful of the fact that "administrative
decisions have a presumption of legality and correction in their
favor." P.R. Tel. Co. v. Tribunal Superior, 2 P.R. Offic. Trans.
289, 290 (1974). The "administrative interpretation of a statute
by those agencies charged with its enforcement and with seeing
that its purposes be accomplished deserves great weight from
[the Court]." M & V Orthodontics v. Negdo. Seg. Empleo, 15 P.R.
Offic. Trans. 249, 255 (1984) (citing Quevedo Segarra v.
J.A.C.L., 102 D.P.R. 87, 96 (1974)). With this legal framework
in mind, the Court moves to examine Plaintiff's due process
claim.

**Fourteenth Amendment**

**Due Process**

   To prevail in a due process claim, Plaintiff must prove it was deprived of a property right without due process of law. <u>See Rodriguez-Pinto v. Tirado-Delgado</u>, 982 F.2d 34, 40 (1st Cir. 1993). "To establish such a right, a person clearly must have more that an abstract need or desire for it. S/he must have more than a unilateral expectation of it." <u>Rodriguez-Pinto v. Tirado-Delgado</u>, 982 F.2d 34, 40 (1st Cir. 1993) (citing <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972)). Property rights are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." <u>Gonzalez-De-Blasini v. Family Dept.</u>, 377 F.3d 81, 86 (1st Cir. 2004)(citing <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972)).

   First, it is well-established by the Supreme Court of Puerto Rico that no one is compelled to contract; everyone is "free to contract or to withdraw as it best suits [his or her] interests." <u>Producciones Tommy Muñiz, Inc v. Copan</u>, 13 P.R. Offic. Trans., 664, 676 (1982). Second, even though, as Plaintiff argues, state law does not explicitly recognize the discretion of a municipality to accept or reject bid bonds from

Civ. No. 11-1902                                                    7

surety companies[1], the Supreme Court of Puerto Rico has recognized that state provisions regulating contracts with the State are aimed at protecting the integrity of the public fisc. See Cancel v. Municipio de San Juan, 1 P.R. Offic. Trans. 416 (1973).[2] Thus, a bond is subject to the strictest evaluation in the context of an auction involving public funds Id. at 422.

Plaintiff claims that when the Municipality refused to accept its bonds, it altered its status as a licensed surety in Puerto Rico, and as a consequence, deprived Plaintiff of a

---

[1] Article 1728 of Puerto Rico's Civil Code addresses matter of a similar nature: "[i]f the surety should become insolvent the creditor may demand another who has all the qualifications required by the preceding section." P.R. Laws Ann. tit. 31 § 4878 (2009). "The case is excepted where the creditor has required and stipulated that a specified person should be the surety." Id. This article implicitly recognizes the authority of a creditor to choose the surety person of his preference, in the absence of a contract stating otherwise, and when the surety person has become insolvent. As a consequence, it recognizes—in this instance—the authority of a creditor to accept or reject surety candidates.

[2] In this case, the Supreme Court of Puerto Rico addressed the following controversy: whether a municipality had the capacity of avoiding a contract with the winner of an auction based on a mistakenly accepted bond. The court answered in the affirmative, and held that the provisions regulating contracts with the State and its agencies aim to protect the people's money, while promoting a sound and efficient administration of those funds. See Cancel v. Municipio de San Juan, 1 P.R. Offic. Trans. 416, 422 (1973). Therefore, even if the Municipality "had reached inadvertently the final stage of the execution of the written contract[,] it would be on time to repudiate it; the same would be a still-birth since the flaw of accepting a deficient bond is tantamount to [dispensing] with the bond requirement . . . ." Id. at 422-23. In the end, the flaw invalidates the consent necessary to formalize the contract. See id.

property right in its license to operate. (Docket No. 21 at 8).
In the end, it argues that state law forces the Municipality to
accept its bonds. We are not convinced. There is a clear
difference between Plaintiff's license (and property interest)
to issue bonds as a surety company in Puerto Rico and
Plaintiff's alleged right to have its bonds accepted by a
specific entity—in this case the Municipality. The Court finds
that while Plaintiff has a property right, through license, to
compete and bid for surety contracts in Puerto Rico, it has no
right to demand acceptance of its bonds from the Municipality.
In other words, the scope of property right does not encompass
the blanket right of forcing the Municipality to accept its
bonds. Moreover, the Court cannot overlook the contractual
nature of a bond, given that Article 1206 of the Civil Code
imposes the parties' consent as a requisite for the birth of a
contract.[3] If summary judgment were to be granted in favor of
Plaintiff, the Court would be creating a property right of its
own, where none exists; all while bypassing one of the most
elemental contractual requisites. Thus, Plaintiff's due process
claim must be dismissed.

---

[3] "A contract exists from the moment one or more persons *consent*
to bind himself or themselves, with regard to another or others,
to give something or to render some service." P.R. Laws Ann.
tit. 31 § 3371 (2009).

### Conclusion

In view of the foregoing, Plaintiff's Motion for Partial Summary Judgment, (Docket No. 21), is hereby **DENIED**. However, Nonmoving Defendants are entitled to Summary Judgment on Plaintiff's Due process claim. Therefore, this claim shall be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of January, 2013.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge