IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED SURETY & INDEMNITY COMPANY<br><br>**Plaintiff,**<br><br>v.<br><br>JOSE C. APONTE-DALMAU, et al.,<br><br>**Defendants.** | **CIVIL NO.** 11-1902 (JAG) |

**OPINION & ORDER**

GARCIA-GREGORY, D.J.

On January 8, 2013, the Court denied Plaintiff's Motion for Partial Summary Judgment, and dismissed its due process claim pursuant to the Fourteenth Amendment. (Docket No. 42). Before the Court stands United Surety & Indemnity Company's ("Plaintiff") Motion to Alter Judgment pursuant to Fed. R. Civ. P. 59 (e). (Docket No. 52). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Alter Judgment.

**ANALYSIS**

Pursuant to Federal Rule of Civil procedure 59(e), motions for reconsideration are procedural vehicles used to: (1) correct manifest errors of law and fact; (2) consider newly discovered evidence; (3) incorporate an intervening change in the law; or, (4) otherwise prevent manifest injustice. See Marie v. Allied

Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2006) (citing Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810 (2d ed. 1995)). Generally, "parties cannot use Rule 59(e) to raise new arguments that could have been made before judgment issued or to undo their own procedural failures." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189-90 (1st Cir. 2004) (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003) and Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). They may not be used to introduce new legal theories. See F.D.I.C. v. Barclaysamerican/Commercial, Inc., 978 F.2d 10, 16 (1st Cir. 1990). Lastly, it is well settled that arguments previously considered and rejected by a court may not be raised again by way of a Rule 59(e) motion. See National Metal Fishing Co., v. Barclays American, 899 F.2d 119, 123 (1st Cir. 1990).

In its motion for reconsideration, Plaintiff posits that its due process claim does not challenge the Municipality of Carolina's ("the Municipality") discretion in refusing a bid presented by a bidder when the surety bond it presents does not comply with the requirements set forth in the bidding documents, but rather Plaintiff's complete disqualification from the issuance of bonds in future public-work auctions. (See Docket No. 52 at ¶ 10). Lastly, Plaintiff argues that the Court's

interpretation of the scope of its property rights was incorrect. We are not persuaded.

Plaintiff's strongest argument is its allegation that its due process claim parallels that of <u>American Druggists Insurance Company, Inc. v. Bogart</u>, 707 F.2d 1229 (11th Cir. 1983). In <u>Bogart</u>, it was held that even if a court has the discretion of accepting a bond, it cannot disqualify a licensed surety without the minimum due process requirements. The rationale is that such action would be a *de facto* regulation—a deed reserved for administrative officials. <u>See</u> <u>Id.</u> at 1237. Nevertheless, the *de facto* regulation occurs when a court, without complying with the disqualification proceedings reserved to the Secretary of Treasury, bans an authorized surety in the entire district, foreclosing any possibility of future business within that district. <u>See</u> <u>Id.</u> at 1236, 1238. Such is not the case here.

<u>Bogart</u> concerns the disqualification of a surety by a district court, while the case at bar relates to a government auction.[1] Contrary to what Plaintiff suggests, we find <u>Bogart</u> inapplicable. In that case, the plaintiff competed as a surety as part of an approved list of participants. Here, Plaintiff

---

[1] State courts have held that government auctions are backed by great public interest, since the funds are derived from the public fisc. <u>See</u> <u>Caribbean Commc'ns v. Pol. De P.R.</u>, 176 D.P.R. 978, 994 (2009).

competes indirectly, given that the bonds issued by Plaintiff are placed between the bidders' required documents (or auction proposal) in order to compete in the Municipality's auction. Therefore, it is not the surety who competes, but the bidder who selects the surety. (See Docket No. 26-1 at 30). Even if the Court were to accept the contention that Plaintiff effectively competes against other sureties, Plaintiff is not banned from acting as a surety within the municipality of Carolina, as was the case for the surety in Bogart. Rather, Plaintiff is only precluded from doing business with one entity, the Municipality (until it complies with its previous obligation with the Roberto Clemente project). (See Docket No. 27 at 10). The above does not preclude Plaintiff from seeking and obtaining surety contracts *within* the municipality of Carolina or with the rest of Puerto Rico's municipalities and its officials.[2]

Lastly, the Municipality and José C. Aponte-Dalmau (collectively, "Defendants") propose that their position parallels that of Baldwin vs. Daniels, 250 F.3d 943 (5th Cir.

---

[2] Plaintiff cites Ortiz v. Junta Hipica, 1 P.R. Offic. Trans. 1074 (1973) to suggest that it is entitled to its employment license, and also affirm the basic protections of due process. But, that case deals with the unconstitutionality of horse racing regulations and the suspension of a horse trainer's license due to those regulations. Id. This is a far cry from the case before us; as stated in this Court's Opinion and Order, Plaintiff's surety license is not, and never was, in jeopardy. (See Docket No. 42 at 8).

2001) (holding that since the acceptance of bonds is entirely discretional, no deprivation of a property right existed when a government official barred plaintiff from writing bonds without a notice or hearing). Nonetheless, Baldwin suffers from the same flaw as Bogart; it does not relate to a government auction. But as opposed to Bogart, Baldwin's rationale can be successfully extrapolated here, since the First Circuit has adopted it in similar cases as the one at bar. See Lasalle-Concepción v. Toledo-Dávila, 569 F.3d 521 (1st Cir. 2009) (recognizing that a statute giving discretion to a government official did not create a property right). Again, Plaintiff has failed to convince the Court that it had a property right in the acceptance of its bonds. Therefore, the Court must affirm its decision in its Opinion and Order. (Docket No. 42).

## Conclusion

For the abovementioned reasons, Plaintiff's Motion for Alter Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of April, 2013.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge